May it please the court Kevin W. Harris for Mr. Khalulyan. Your honor, I think this is a particular case of first impression in relationship to the application of dealing with the particular serious crime situation and how it should be in a due process hearing handled before the immigration court. Here we have several significant problems with the manner in which the immigration court handled this particular case in relationship to the to the evidence relating to the particular serious crime issue. In particular, the greatest concern is there is no evidence of a substantial nature showing that the amount of the crime attributable to my client was $10,000. And I understand that the defendants have taken the position that the plea included that but that's not true. It's not the defendants, it's the government. I mean, sorry. Sorry, Your Honor, I meant the government is taking the position that there was ever there was sufficient evidence, but the problem with this case is there were multiple defendants. I think there were a total of eight defendants. There were 18 counts. My client was convicted only of one count. It did not specify the amount of the of the money that was attributable to him. It was a conspiracy charge. Yeah, I understand it was a conspiracy charge. But looking at the conspiracy charge, when you look at the Doe case that we had cited, and there's also another case that's called Ramsford versus Barr, which is 2020-972-Fed3-55. Those cases stand for the proposition that you have to have the amount that's attributable to that particular defendant. And there has been, in fact, you know, they don't even know they didn't even have any amount at the time of the hearing. There was nothing indicating an exact amount for the restitution itself. So what is the $250,000 for then? The $250,000 is not something that my client admitted to. That was a maximum that they attributed to a potential of the amounts that were taken. There was no evidence that exact amount was taken or that there was anything that he himself had been attributed to. But he stipulated to the sentencing enhancement, right? I mean, that's part of the reason there may not be evidence over that is because he stipulated to that. Well, he just stipulated to an enhancement. That doesn't mean that he stipulated to a dollar amount. The dollar amount itself has never been proven. And the court itself reserved jurisdiction. And in fact, in the judgment and sentence itself indicated that my client and all the other people would have a restitution hearing after the other defendants had their cases had been resolved. And so there was going to be some hearing. The government produced no evidence in relationship to any amounts that were the restitution in as the as the result of the case. Otherwise, it's speculative. It's speculative to indicate that my client was responsible for any losses. And looking at the Doe case, I think it's somewhat instructive. In the Doe case, you have an individual who was taking was holding an account open and that account was having dollars going through it. And they established the money that was going through it was greater than the amount was was greater than the amount of ten thousand dollars. But, you know, if looking at my client, there is nothing here that that can establish within clear and convincing evidence because the standard here is clear and convincing evidence that there was a specific amount attributed to him at all for the losses. And here's the other thing. He's a mere cog in this thing. He received only two thousand approximately two thousand dollars for any anything that took place. The real people who were perpetrating the fraud were those other individuals who were taking the money from from the accounts that they had downloaded. And those were the people that were actually the ones that were responsible for any of the losses. But what do we what do we do with the fact that he pled guilty to conspiracy and you're jointly and severally liable for the offenses committed by the co-conspirator? Well, it depends, because the court did not make any determination at the time of a restitution hearing on how they would handle it. So to that extent, it's speculative. There is no hard proof that the court itself would have made a ruling that he was going to have to pay the same amount as everybody else, because here there is some there's evidence that shows that he himself did not have access to any of those funds. The access to the funds were not his. But does it does it does it matter what the court orders him to pay? The statute talks about whether the offense is one that involves fraud or deceit in which the loss to the victim exceeds ten thousand dollars. I'm not sure why it would be relevant. What amount, if any, a court actually requires him to return? I think it is relevant to the extent that it shows the seriousness of the loss. Remember what we're looking at in this particular case is it wasn't a particular serious crime, not whether or not. And I think you have to look at the involvement of the individual who is who is in that particular situation, as opposed to in the case law. I think Raspard talks about that. And in that case, there was seventy seven thousand one hundred ninety nine dollars calculated. But there were two separate counts that were held by by the government and they didn't show which count it related to. And in relationship to the Doe situation, they once again, you know, in that case, he was intimately involved with the money. In this case, my client was not involved with with actually obtaining the money. What he was involved in was being a distraction. So he was. So on those grounds, the court should take indiscretion whether or not his responsibilities were such that he should be found having particular having a particular serious crime. Does the court have any other questions in relationship to the situation? Well, Mike, I have this question. Do you have a specific case that says that when a person is part of a conspiracy to commit a crime that is particularly serious? That person, after pleading guilty, has not been convicted of a particularly serious crime. I don't believe I do, Your Honor, and that's why it's a case of first impression, because what I'm looking at is the actual conduct of the individual as opposed to the the other. I mean, I don't think there's clear and convincing evidence that the amounts are proved to show that he had his what he was doing resulted in more than ten thousand dollars. In fact, there's never been any finding by the court in regards to the amount of restitution because this because the U.S. District Court took it under advisement and indicated that the rest in the in the judgment order against my client indicated that the amounts would be considered after all other defendants had been convicted. So, Counselor, if there is no case authority requiring us to look at this issue the way you want, how can there be error on the part of the agency? I think there can be error on the part of the agency by attributing an amount to him that was not agreed to by him or because there's nothing in there indicating that he had agreed to two hundred and fifty thousand dollars. The clear agreement is is evidence. And so if there's evidence that supports the agency's determination, how can we say that there's legal error? Because the process itself had not yet been completed because the restitution hearing had not taken place. There is I don't think that's sufficient evidence. But I don't think there's any missing evidence. Is there a case that says that the agency has to wait until the restitution amount is determined before it can assess the evidence available before it? Not to my knowledge. And that's the difficulty I have with your argument is that you don't have any authority to support the premise that we should reverse the agency's determination. Well, the Ransford case talks about the court did not address how the amount was calculated. Well, that's the Second Circuit case. So, no, the Ransford case is nights. Oh, you're right. It is a second. It's a second circuit case. And so that's not binding on us. But that's that's the one case that that I had that I had that indicated that anything to that extent. I understand. So and but I'm asking the court here to consider the impact because the impact is on the individual himself. Whether or not he was somebody who had committed who actually had been responsible for those losses. And I don't think you can say that he was responsible for those losses. Oh, you can say he's responsible for those losses because he was an integral part of the conspiracy. He blocked the view of the people who were in the gas station so that they could. So the people who are actually getting the information could go undetected. All right. And then the second issue that we have is the one in relationship to the due process relating to the continuances to allow him time to get the relief that would have been available through withholding. And I think that in relationship to that situation, there was reasonable grounds to allow the continuance to allow him to be able to get that because then he would be able to set aside the conviction. I mean, set aside. He would be able to to adjust and come and have a form of relief. Does the court have any questions about that particular argument? Would you like to save your remaining time for rebuttal? Yes, I'll save my remaining time. Thank you. We'll hear from the government. I'm sorry. Thank you, Judge Gould. Good morning, Your Honors. My name is Alana Snyder and I'm appearing today on behalf of the United States Attorney General. Respectfully, we're asking Your Honors to deny this petition for review for three reasons. First, the agency properly concluded that petitioner is removable as an aggravated felon because there's no dispute over whether his offense involves fraud or deceit. And because petitioner stipulated that the amount of loss to his victims exceeded $10,000. Secondly, the agency did not abuse its discretion in concluding that petitioner was convicted of a particularly serious crime. And third, the agency did not abuse its discretion in denying petitioner's motion to reconsider the denial of his continuance. So turning first to the aggravated felony issue, which I know my colleague hit on a bit, and of course, Your Honors hit on, the agency properly concluded that the loss to petitioner's victims exceeded the statutory $10,000 floor because petitioner stipulated to a sentencing enhancer in his plea agreement that the loss to his victims was more than $250,000, which exceeds the statutory floor here by 25 times. And of course, I direct Your Honors to administrative record page 441, in which petitioner agreed and stipulated in his plea agreement that this was the amount of loss to his victims. But counsel, opposing counsel's point is even though he stipulated that that was the amount of loss to the victims, he didn't stipulate that that was the amount of loss he caused. What's your response? Yes, and I think this is sort of what Judge Brass was getting at. And our argument, the government's contention in this case, is that because petitioner pled guilty to a conspiracy to commit this possession of these 15 unauthorized access devices, that he's not just liable for the loss from his individual conduct, but the loss should be measured from that whole, the loss resulting from that entire scheme. The loss resulting from that whole large-scale criminal endeavor, the whole kit and caboodle, if you will. And this, of course, the government here is asking Your Honors to join the Third Circuit in Doe. And this court has sort of hinted in unpublished cases that this line of reasoning is persuasive. For example, in Eversley McLaren, an unpublished case from 2009. The issue, I guess, turns really on what was the offense, right? Because I think in some of these cases, problems arise where somebody has a restitution amount or maybe an enhancement that's tied to conduct for which they were not convicted. It could be acquitted conduct that was relevant conduct. It could be uncharged conduct. And there, I think, you start to get into some problems about was this really loss tied to the offense. But I'm not sure we have that problem here. I would agree, Your Honor. I don't think we have that issue here. And that, I think, is borne out by the indictment and the actual plea agreement here. So I would direct Your Honors to the indictment where we can see that all of the overt acts that are these 89 overt acts, essentially petitioner pled guilty to count one of the indictment. Counts two to 20, which were dropped, essentially in exchange for petitioner pleading guilty to just count one, they are all essentially encompassed in counts two to 20. So whatever petitioner pled guilty to in count one, those acts are all covered in the full indictment. So there's really nothing that petitioner pled guilty to that wasn't part of this whole scheme. And again, this is the notion behind conspiracy in general. And sort of preparing for this, I looked into the notion of conspirator liability. And this comports with the notions behind Pinkerton liability, the notion that an overt act of one partner in a conspiracy is attributable to all. This comports and sort of clicks in very well with the notion there.  What about the fact that what's the relevance, if any, of restitution and whether it's been ordered? And apparently it appears from this record maybe it hasn't been. Sure. We don't have a restitution order, as my colleague pointed out. But this court has said and the board has said that restitution orders are not dispositive in any event. And so the court, it's the government's position, the court doesn't need to go looking for a restitution order or searching through the record when, you know, the plea agreement here that the petitioner agreed to, which is a binding contract in these cases, the court doesn't need to go looking further than the plea agreement in this case. The restitution order is essentially unnecessary to the result in this case. So, and this is essentially the government's position in this case. And again, that this court should join the Third Circuit and Indoe and, of course, the Tenth Circuit in Kalalia and reason that where the petitioner has pled guilty to an entire fraudulent scheme, the loss is measured as a result of that entire, the loss should be measured from the loss resulting from the entire fraudulent scheme. I guess I'd like, if your honors have no further questions on the aggravated felony issue, I'll turn to the particularly serious crime determination and the motion to continue. Before you do that, before you do that, I take it just to make sure I understand your position. You agree that really what we're having to tie this down to is the offense of conviction. So hypothetically here, if Mr. Kahloulian at the gas station had just decided to rob somebody, not part of the conspiracy, it was just an independent act. He robbed somebody and stole money. It was not charged here, but yet it was regarded somehow as relevant conduct. And let's just say he stole another $5,000 from somebody's purse. I take it you would say, well, that we would not include in the loss calculation here because that is not part of the offense of conviction. If it wasn't part of the conspiracy, I think the government's position would be no, that wouldn't count, if you will, towards the $10,000 amount. But if he's charged for that as a separate crime, then maybe it comes into the calculation. That's correct. And I mean, in Eversley McLaren, for example, those were individual counts. But in Eversley McLaren, there was an inclusion in the criminal information of the words, in connection with the prior counts. There were multiple check frauds, multiple fraudulent checks that were written. But each one of those counts in the information had said that the prior check fraud, the prior check had been fraudulently written, and each count was in connection with the prior count. And so where you have, even if it's not necessarily a conspiracy, but where the counts, say, for example, are charged in connection with prior counts, that might even count. But where it's a totally separate act, say, like robbing a person's purse, I think the government's contention would be no, that's a wholly separate act. Counsel, if I could interject. Yes. Would it be your view that however we decide this case, whether we rule for you or for Mr. Harris's position, that it would be helpful for the court to write for publication? Yes, absolutely. This is a matter of first impression, and we are asking the court to join the Third Circuit and the Tenth Circuit and, in fact, the Fifth Circuit. And they've published on this issue. It is a matter of import, and it is the government's request, if the court is going to write on this, for publication, yes. Which Fifth Circuit case are you referring to specifically? We're referring to James, but also recently the Fifth Circuit did post a case called Hammerschmidt. I believe the government filed a 28-J letter on Hammerschmidt, which is not directly on point because it addressed joint and several liability, and James refers more to the conspiracy theory to which we're referring. But both of those cases are relevant to the government's position here. Do you want to address this issue of the motion to continue? Yes, I'm happy to address the motion to continue issue. Your Honor, it's the government's contention that the agency did not act arbitrarily, irrationally, or contrary to law in denying Petitioner's motion to reconsider because he failed to show any error of law or fact in its denial of his motion to continue. And here, the agency properly considered the matter of Hashmi and matter of LABR factors, and those, of course, are what are the DHS's position? Does the Petitioner have any statutory eligibility for relief? What's the likelihood of success on the merits? Whether Petitioner is, say, for example, detained at the government's expense? And also, what is the purpose of the Petitioner's motion to continue? So here, the immigration judge appropriately considered that Department of Homeland Security opposed the Petitioner's request. Secondly, the immigration judge also considered that Petitioner's request for continuance was to file an I-130, a petition for his mother to file on his behalf because she's a United States citizen. And then, the immigration judge appropriately also considered the visa bulletin, which at the time indicated that Mr. Flutian would be unable to even get a visa approval. He did not have a visa number available to him and would not be able to even get his I-130 reviewed for at least seven years. And so the immigration judge said, you know, that's very speculative. That's going to be very far out. And then, on top of that, even if we were to wait all those seven years, then he'd have to readjust through a 212H waiver, which requires an exercise of discretion. And considering Mr. Koulian's extensive criminal history, which doesn't just include this offense but includes other offenses not discussed here, that the immigration judge would also – that it's unlikely that he would be eligible for an exercise of discretion. Of course, the immigration judge also considered that Mr. Koulian was detained at the government expense at that time. And so she didn't want to expose him to prolonged government detention. And then, finally, the immigration judge appropriately considered the fact that petitioner's request – the reason why he wanted a continuance was to file a writ of habeas corpus. But the purpose of that was so that he could get on the immigration non-detained docket. And the purpose – the express purpose of that was essentially to run down that seven-year clock. So, essentially, it was a dilatory tactic. So the immigration judge appropriately concluded, for all these reasons, that a denial of the continuance was in order. So I can see, Your Honors, my time is coming to a close. Are there any questions on the particularly serious crime bar? I have no questions. Okay. Well, with respect, Your Honors, we ask that you deny the petition for review. Thank you very much. Thank you, counsel. Rebuttal? Am I on now? Yes, Your Honor. One thing I'd like to point out is that the overacts in regards to the conspiracy are listed, and there's 18 of them. But my client was only responsible for four. So – or involved in four of the incidents. So even if you look at just count one, his conduct was not of an ongoing nature as it was with all of the other individuals. But let me just make sure I understand, then, what position you're asking us to adopt. Because as you walk through it and you make that comment, my reaction is to say, well, he pled guilty to a conspiracy. And so in a conspiracy, you're liable for the acts of the people in the conspiracy. But I take it what you're saying is when someone pleads guilty to a conspiracy, when we're looking at this $10,000 amount, what we ought to do instead is look specifically at – we should kind of look through the conspiracy and look specifically at what Mr. Kahloulian did and what he's personally responsible for. Is that fair? That's fair. Okay. That's what I am indicating. I'm indicating that because due process, in relationship to getting rid of somebody and throwing them out of the country, somebody who's been here since they were seven years old, looks at whether or not their conduct was such that they should be thrown – should not be allowed to remain in the United States. Okay. So then just to close out, if we accept that position, are we in conflict with the Third Circuit or the Fifth Circuit or the Tenth Circuit? Well, I think they did not make that determination specifically. What they did was they looked and said, okay, like in the Third District, when you're looking at the Doe case, which is the one I'm most familiar with, is that it's talking about the guy had the account. The money that the fraud was going through was owned by him. So that makes him a primary person involved in the scheme. But under conspiracy law, why does it matter if you're primary or secondary if you're part of the conspiracy? We thought it was sort of like in for a penny, in for the whole thing. Yeah, I understand that that's generally how conspiracy law works. But when it's in this context, when you're looking at a very specific issue in regards to an individual and whether or not they should be allowed to stay in the United States, you should be looking specifically at their conduct. And I think that that's the difference. The difference is that the conduct of the individual is what's at issue when you're dealing with a particularly serious crime under the circumstances when you're dealing with immigration law. I think that distinction is responsible, and I think that distinction should be applied. All right, thank you, counsel. Thank you to both counsel for your arguments. The case just argued is submitted for decision by the court.
judges: GOULD, RAWLINSON, BRESS